IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KYAN N.,<br>Plaintiff,<br>vs.<br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br>Defendant. | Case No. 2:25-cv-00571-CMR<br>**MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION**<br>Chief Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 11). 28 U.S.C. § 636(c). Plaintiff Kyan N. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the record (Certified Administrative Transcript (Tr.), ECF 13), the parties' briefs (ECF 14, 18, 20), the undersigned concludes that the Commissioner's decision is supported by substantial evidence. For the reasons set forth below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 14) and AFFIRMS the decision of the Commissioner.

## I. BACKGROUND

Plaintiff was 33 years old on his disability onset date of March 21, 2020 (Tr. 65). Plaintiff filed for benefits on March 24, 2020, alleging disability due to fractured neck pain, torn rotator cuff in shoulder, and torn posterior cruciate ligament (PCL) in knee (*id.*).

An administrative law judge (ALJ) held a hearing in June 2021 (Tr. 34–64) and issued an unfavorable decision in August 2021 (Tr. 33). Plaintiff appealed that decision, and this court remanded the case (Tr. 794). In May 2023, an ALJ held a second hearing (Tr. 705–31), and another unfavorable decision was issued (Tr. 813–35). After a third hearing on January 3, 2025 (Tr. 732–65), the ALJ in this matter issued the January 17, 2025, decision now on appeal (Tr. 678–704).

The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ determined at step two that Plaintiff had severe impairments of status post fracture of cervical vertebrae C1-C2 with failed surgery and hardware failure with chronic type II odontoid fracture with known pseudoarthrosis; history of PCL and anterior cruciate ligament (ACL) tear in the left knee with laxity in the left PCL; and unspecified depressive disorder (Tr. 684). The ALJ found Plaintiff's unspecified psychotic disorder vs. schizoid personality disorder and torn rotator cuff in the right shoulder to be non-medically determinable (*id.*). At step three, the ALJ considered Plaintiff's musculoskeletal impairments under Listings 1.15, 1.17, 1.18, and 1.19, finding the criteria not met (Tr. 685–86). The ALJ determined Plaintiff's mental impairment did not meet the criteria of Listing 12.04 (*id.*).

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations including: "due to physical pain, he is limited to simple work" (*id.* at 687). The ALJ found at step four that Plaintiff has no past relevant work (*id.* at 696). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, such as housekeeper, price marker, and mail sorter (*id.* at 696–97). The ALJ therefore concluded that he was not disabled and denied disability benefits (*id.* at 697). The Appeals Council then denied Plaintiff's request for review (Tr.

671–77), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II. STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## III. DISCUSSION

Plaintiff's primary argument on appeal is that the ALJ erred in finding that Plaintiff's neck impairment does not meet or medically equal Listing 1.18. Specifically, Plaintiff argues the weight of hardware in his neck and the volume of such hardware coupled with having surgery and the failure of hardware establishes the criteria of Listing 1.18 (ECF 14 (Pl. Br.)).

The listings describe impairments that the agency considers severe enough to prevent an individual from doing any gainful activity. 20 C.F.R. § 404.1525(a). Plaintiff bore the burden at

step three of demonstrating that his impairments met or medically equaled the listing criteria. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify." *Sullivan v. Zebley*, 493 U.S. 525, 530 (1990). An "impairment[] is medically equivalent to a listed impairment…if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526a. Here, the ALJ found at step three that Plaintiff did not meet his burden of establishing that his impairments or combination of impairments met or medically equaled a listing, including Listing 1.18 (abnormality of a major joint in any extremity) (Tr. 685–87).

As an initial matter, the court notes Plaintiff included in his brief imaging of an unknown patient(s)' left wrist, right wrist, and a neck after surgery to install hardware (Pl. Br. 3–5). The imaging does not appear in the record and provides no indication it was performed on Plaintiff. Rather, according to Plaintiff's citation, the imaging is from scholarly articles (*id.*).[1] "Court review of the [Commissioner's] denial of Social Security disability benefits is limited to a consideration of the pleadings and the transcript filed by the [Commissioner] as required by 42 U.S.C. § 405(g). It is not a trial de novo. The court is not at liberty to consider evidence not in the record certified by the [Commissioner]."[2] *Atteberry v. Finch*, 424 F.2d 36, 39 (10th Cir. 1970) (citations omitted).

---

[1] Plaintiff cites two articles from the National Library of Medicine: (1) Journal of Wrist Surgery, One Size Does Not Fit All: Distal Radioulnar Joint Dysfunction after Volar Locking Plate Fixation, https://pmc.ncbi.nlm.nih.gov/articles/PMC3922856/ (figure 2) (Feb. 3, 2014) (last visited Sept. 21, 2026), and (2) Improving C1-C2 Complex Fusion Rates: An Alternative Approach, https://pmc.ncbi.nlm.nih.gov/articles/PMC5788400/ (figure 1) (Nov. 29, 2017) (last visited Sept. 21, 2026).

[2] The court can consider extra-record evidence only in the context of determining whether a sentence six remand is warranted. *See* 42 U.S.C. § 405(g). Plaintiff has not sought sentence six remand and cannot meet his burden to show that the requirements are met. *Id.* (authorizing a remand in only two limited situations: (1) where the Commissioner requests a remand, for good cause shown, before filing an answer, or (2) where a claimant presents new and material evidence and shows good cause for not producing the evidence during the administrative proceedings). Imaging of unknown patient(s) from 2014 and 2017 is not new and material evidence to Plaintiff's claim, and Plaintiff has not established good cause for not presenting this evidence during the administrative proceedings.

The court therefore declines to consider the imaging included in Plaintiff's brief as it is not in the record.

Plaintiff's argument appears to be an improper request that the court reweigh the evidence and/or substitute its judgment for that of the ALJ. *See Lax*, 489 F.3d at 1084. Plaintiff argues that the scholarly article images and images of what appear to be a cervical spine CT in the record demonstrate that the hardware in his "neck has more weight and volume than another listing that would be eligible for SSA disability" (Pl. Br. 4 (citing Tr. 1160–65)). The images Plaintiff cites in Tr. 1160–65 are likely from the July 6, 2017 cervical spine CT (Tr. 479–82).[3] The ALJ discussed findings on cervical spine x-rays and CTs from the relevant period, including prior imaging, albeit not specifically the July 6, 2017 CT (Tr. 689, finding "imaging has confirmed hardware failure and chronic non-union of a type II Odontoid fracture, as well as moderate cervical spondylosis at C5-C6" (citing Tr. 428–29, 474, 648)). The court declines Plaintiff's invitation to reweigh this evidence.

Even though the ALJ did not specifically discuss the July 6, 2017 CT, the ALJ's consideration of the imaging was sufficient. The Tenth Circuit will generally find the ALJ's decision adequate if, as here, it discusses the "uncontroverted evidence" the ALJ chooses not to rely upon and any "significantly probative evidence" the ALJ decides to reject. *Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009). In other words, "a minimal level of articulation of the ALJ's assessment is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir.1984)). "There is obviously no requirement that the ALJ reference

[3] The Commissioner clarifies that the images in Tr. 1160–65 are likely from July 6, 2017 imaging even though they are labeled in the index as x-rays dated March 10, 2023 (ECF 18 (Def. Br.) at 10).

everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010). The court thus finds no error in the ALJ's findings regarding the imaging in the record.

Moreover, the ALJ's finding that Plaintiff did not meet his burden of establishing his impairments or combination of impairments met or medically equaled Listing 1.18 is supported by substantial evidence (Tr. 685). As relevant here, Listing 1.18 requires a "documented medical need" for a hand-held assistive device, wheeled and seated mobility device involving the use of one or both hands, or the inability to use one or both upper extremities for fine and gross movements. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.18D. For one upper extremity, Listing 1.18 further requires a documented medical need for a one-handed, hand-held assistive device that requires the other extremity. *Id.*

Here, the ALJ found "the medical records do not establish a documented medical need for a" hand held-assistive device, or "a wheeled and seated mobility device involving the use of both hands" (Tr. 685). The ALJ also found these records did not establish "an inability to use one upper extremity to independently perform fine and gross movements along with a need for a one-handed assistive device, or an inability to use both upper extremities to that extent that neither could be used to independently initiate, sustain, and complete work related activities involving fine and gross movements" (*id.*). Plaintiff does not argue that the evidence establishes these requirements (Pl. Br. 4–5). Rather he focuses on his neck surgery, the weight and volume of the hardware, and the hardware failure (*id.*). This conclusory argument is not relevant to establishing the criteria of Listing 1.18. The ALJ's finding that Plaintiff did not meet his burden of establishing the requirements of Listing 1.18 or other listings with these requirements is therefore supported by substantial evidence.

Finally, the ALJ's findings that Plaintiff is not disabled and that he could perform a range of light work are supported by substantial evidence. In assessing Plaintiff's RFC, the ALJ found Plaintiff testified to a wide range of daily activities that did not support his disability claims (Tr. 688, 690). 20 C.F.R. § 404.1529(c)(3)(i). The ALJ also found the objective medical evidence indicated, among other things, Plaintiff had full (5/5) strength in his upper extremities, normal active range of motion in his cervical spine, and normal sensory examinations (Tr. 417–19, 454–55, 458–59, 690). 20 C.F.R. § 404.1529(c)(4) ("[W]e will evaluate your statements in relation to the objective medical evidence."). The ALJ included in the RFC postural restrictions related to stooping, environmental restrictions related to exposure to hazards, and mental limitations of simple work due to physical pain (Tr. 687, 694). The ALJ as factfinder reasonably concluded that Plaintiff, though significantly limited, remained capable of a range of light work *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("[T]he record contains support for both the notion that [the claimant] has extreme deficiencies . . . and the notion that his . . . limitations are not that severe. The ALJ was entitled to resolve such evidentiary conflicts and did so."). Because the ALJ's decision is thus supported by substantial evidence and legally sound, the court affirms the Commissioner's final decision

## IV. CONCLUSION

The ALJ complied with the applicable regulatory framework and his decision is supported by substantial evidence. There is therefore no reversible error, and the ALJ's decision is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 21 September 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah